CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 11 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAM CHAPMAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00327 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA PAROLE BOARD, et. al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Robert William Chapman, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Chapman alleges that since granting him parole in 1997, the Virginia Parole Board ("the Board") and other state officials have never provided him with a hearing or a document, indicating why he was not actually paroled. Chapman seeks an injunction ordering the VPB and the other defendants to provide him with a hearing or other relief to correct this procedural error. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

Chapman bases his claims on the following, documented series of events. On March 27, 1997, the Board issued a letter to Chapman, informing him:

> The Virginia Parole Board is considering granting you discretionary parole if you can be released on certain special conditions. The Department of Corrections is investigating this special release plan. The results of this investigation will determine whether you are granted or not granted parole.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

> You will be informed of the outcome of the Board's final decision in writing in accordance with standard procedures.

The Board issued a statement on July 17, 1997, indicating that Chapman had been denied parole because: "Release at present time would diminish seriousness of crime." In September 1997, the Board denied Chapman's request for reconsideration of the denial of parole. Again, in April 1998 and April 1999, the Board denied Chapman parole because of his prior failure under community supervision, because he was unlikely to comply with conditions of parole, and because of the serious nature of his offense. In denying parole in May 2000, the Board stated these same reasons and noted in addition that his prior offense history indicated disregard for the law. Then, the Board offered one or more of these reasons as grounds for denying Chapman's discretionary parole release annually for the next seven years.

Chapman alleges that each time he was interviewed by a Board representative, the interviewer told him, "I see here that you have a parole grant letter in your file, but there is nothing here saying why you haven't been released." Each time the Board denied him discretionary parole, Chapman appealed the decision and asked the Board to inform him why no letter or formal hearing ever rescinded the grant of parole in 1997. He has received no response from the Board on this issue.

II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). An inmate has no independent constitutional right to be paroled before the

2

expiration of his valid criminal sentence, and states have no constitutional obligation to establish a parole system. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). Virginia parole statutes create for prisoners a liberty interest not in actually being released on parole, but in being considered for discretionary parole once they meet certain eligibility requirements. Gaston v. Taylor, 946 F.2d 340 (4th Cir. 1991)(en banc). Accordingly, Virginia inmates cannot be deprived of consideration for discretionary parole without due process. Franklin v. Shields, 569 F.2d 800, 800 (4th Cir. 1978) (en banc), aff'g in part and rev'g in part, 569 F.2d 784 (4th Cir. 1977).

Under Virginia parole statutes, the Parole Board has broad discretion to balance the interests of the Commonwealth and the rights of each individual inmate in determining whether parole should be granted to that inmate at a given time, once the inmate is eligible for discretionary parole. Id. Federal procedural due process requirements for a Virginia inmate are satisfied if the Parole Board furnishes the prisoner with a statement of its reason or reasons for denying parole. Id. at 801. The Fourth Circuit has accepted "serious nature of the crime" as a constitutionally sufficient basis for denying parole. Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir. 1986). When the Board gives valid reasons for its decision to deny parole, a reviewing court cannot assume that the Board also relied on possibly invalid factors. Id.

Even when state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due. Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990). State-created procedures do not define that federal standard, even if those state-created procedures provide greater process than the Constitution requires. Id. Failure by state officials to abide by state procedural laws is not a federal due process issue. Id. Moreover, an inmate has no federal constitutional right to any specific, state-created procedural protection. See

Hill v. Jackson, 64 F.3d 163, 170-171 (4th Cir.1995) (there is no "protected liberty interest in the procedures themselves, only in the subject matter to which they are directed").

Under these principles, Chapman has received all the procedural protection afforded him by the federal constitution. Each time the Board denied him discretionary parole release, the Board also issued a statement of the reason or reasons for the decision. Chapman has not demonstrated that any of the stated reasons was illegitimate. Even assuming that state parole procedures require the Board to issue a document or hold a hearing to resolve the possible grant of parole discussed in the March 1997 letter, Chapman has no federal right to receive such a document or hearing. Thus, he fails to show that the Board or any of the other defendants have violated his due process rights regarding his consideration for discretionary parole.[2]

### III

In conclusion, the court finds that Chapman's allegations fail to state any constitutional claim actionable under § 1983. Accordingly, the court will summarily dismiss plaintiff's complaint for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[2] In certain limited circumstances, a prisoner has a claim of constitutional magnitude when he alleges that officials refuse to remove false information in his inmate file which is relied upon in constitutionally significant decisions such as parole review. Paine v. Baker, 595 F.2d 197 (4th Cir. 1979). Chapman cannot state a Paine claim here, because the parole grant letter is not false.

4

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of July, 2007.

/s/ James C. Turk
Senior United States District Judge